1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

John T. Masterson, Bar #007447
Brandi C. Blair, Bar #025944
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone:  (602) 263-1786
Fax:  (602) 200-7808
jmasterson@jshfirm.com
bblair@jshfirm.com

Attorneys for Defendant STG International,
Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Anayeli Pimentel Solar, as the widow of Benjamin Gonzalez-Soto, deceased, for herself and for and on the behalf of all other surviving statutory wrongful death beneficiaries of Benjamin Gonzalez-Soto, including JMGP, Maria Elena Soto Villalpando, and Gilberto Gonzalez Reyes,<br><br>        Plaintiff,<br><br>v.<br><br>United States of America; CoreCivic, Inc., a Maryland corporation; STG International, Inc., a Virigina corporation; and Does 1-10, healthcare providers,<br><br>        Defendants. | No. 2:24-cv-01517-SMM-JZB<br><br>**DEFENDANT STG INTERNATIONAL, INC.,'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

   Defendant, STG International, Inc., by and through undersigned counsel, for its Answer to Plaintiff's First Amended Complaint, admits, denies, and alleges as follows:

   Defendant denies each and every, all and singular, of the allegations contained in Plaintiff's First Amended Complaint and each claim for relief thereof which is not hereinafter expressly admitted or otherwise pleaded to.

117318494.1

# INTRODUCTION

1.    In answering Paragraph 1 of Plaintiff's First Amended Complaint, Defendant denies that any acts or omissions made by or on its behalf and/or by or on behalf of its agents and/or employees in providing medical care to the decedent fell below the applicable standard of care or constituted deliberate indifference to decedent's serious medical needs. Defendant further denies that Plaintiff's alleged damages were caused by any act or omission made by Defendant and/or its employees and/or agents.

2.    In answering Paragraph 2 of Plaintiff's First Amended Complaint, Defendant denies that the decedent died in its care and custody. Defendant further denies that any acts or omissions made by or on its behalf and/or by or on behalf of its agents and/or employees in providing medical care to the decedent fell below the applicable standard of care or constituted deliberate indifference to decedent's serious medical needs. Defendant further denies that Plaintiff's alleged damages were caused by any act or omission made by Defendant and/or its employees and/or agents. Defendant lacks sufficient information to form a belief as to the truth of the allegations remaining in Paragraph 2 of Plaintiff's First Amended Complaint.

3.    In answering Paragraph 3 of Plaintiff's First Amended Complaint, Defendant denies that the decedent died in its care and custody. Defendant further denies that any acts or omissions made by or on its behalf and/or by or on behalf of its agents and/or employees in providing medical care to the decedent fell below the applicable standard of care or constituted deliberate indifference to decedent's serious medical needs. Defendant further denies that Plaintiff's alleged damages were caused by any act or omission made by Defendant and/or its employees and/or agents. Defendant lacks sufficient information to form a belief as to the truth of the allegations remaining in Paragraph 3 of Plaintiff's First Amended Complaint.

117318494.1

4.      In answering Paragraph 4 of Plaintiff's First Amended Complaint, Defendant denies that the decedent died in its care and custody. Defendant further denies that any acts or omissions made by or on its behalf and/or by or on behalf of its agents and/or employees in providing medical care to the decedent fell below the applicable standard of care or constituted deliberate indifference to decedent's serious medical needs. Defendant further denies that Plaintiff's alleged damages were caused by any act or omission made by Defendant and/or its employees and/or agents.

5.      In answering Paragraph 5 of Plaintiff's First Amended Complaint, Defendant denies that the decedent died in its care and custody. Defendant further denies that any acts or omissions made by or on its behalf and/or by or on behalf of its agents and/or employees in providing medical care to the decedent fell below the applicable standard of care or constituted deliberate indifference to decedent's serious medical needs. Defendant further denies that Plaintiff's alleged damages were caused by any act or omission made by Defendant and/or its employees and/or agents.

6.      In answering Paragraph 6 of Plaintiff's First Amended Complaint, Defendant denies that the decedent died in its care and custody. Defendant further denies that any acts or omissions made by or on its behalf and/or by or on behalf of its agents and/or employees in providing medical care to the decedent fell below the applicable standard of care or constituted deliberate indifference to decedent's serious medical needs. Defendant further denies that Plaintiff's alleged damages were caused by any act or omission made by Defendant and/or its employees and/or agents.

7.      In answering Paragraph 7 of Plaintiff's First Amended Complaint, Defendant denies that the decedent died in its care and custody. Defendant further denies that any acts or omissions made by or on its behalf and/or by or on behalf of its agents and/or employees in providing medical care to the decedent fell below the applicable standard of care or constituted deliberate indifference to decedent's serious medical needs.

117318494.1

Defendant further denies that Plaintiff's alleged damages were caused by any act or omission made by Defendant and/or its employees and/or agents. Defendant affirmatively states that the causation allegations contained in Paragraph 7 require expert testimony.

8.    In answering Paragraph 8 of Plaintiff's First Amended Complaint, no affirmative response is required from this Answering Defendant. To the extent a response is required, Defendant denies that Plaintiff's alleged damages were caused by any act or omission made by Defendant and/or its employees and/or agents.

## JURISDICTION AND VENUE

9.    In answering Paragraph 9 of Plaintiff's First Amended Complaint, Defendant admits that Plaintiff's First Amended Complaint was timely filed. The remainder of the allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint are not directed at this Answering Defendant. Defendant lacks sufficient knowledge to form a belief as to the truth of the remaining allegations in Paragraph 9 of Plaintiff's First Amended Complaint.

10.    In answering Paragraph 10 of Plaintiff's First Amended Complaint, Defendant admits the allegations contained therein.

11.    In answering Paragraph 11 of Plaintiff's First Amended Complaint, Defendant admits the allegations contained therein.

12.    In answering Paragraph 12 of Plaintiff's First Amended Complaint, Defendant admits the allegations contained therein.

13.    In answering Paragraph 13 of Plaintiff's First Amended Complaint, Defendant admits the allegations contained therein.

## PARTIES

14.    In answering Paragraph 14 of Plaintiff's First Amended Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained therein.

117318494.1

15. In answering Paragraph 15 of Plaintiff's First Amended Complaint, no affirmative response is required of this answering Defendant.

16. In answering Paragraph 16 of Plaintiff's First Amended Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained therein.

17. In answering Paragraph 17 of Plaintiff's First Amended Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained therein.

18. In answering Paragraph 18 of Plaintiff's First Amended Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained therein.

19. In answering Paragraph 19 of Plaintiff's First Amended Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained therein.

20. In answering Paragraph 20 of Plaintiff's First Amended Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained therein.

21. In answering Paragraph 21 of Plaintiff's First Amended Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained therein.

22. In answering Paragraph 22 of Plaintiff's First Amended Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained therein.

23. In answering Paragraph 23 of Plaintiff's First Amended Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained therein.

117318494.1

24.     In answering Paragraph 24 of Plaintiff's First Amended Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained therein.

25.     In answering Paragraph 25 of Plaintiff's First Amended Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained therein.

26.     In answering Paragraph 26 of Plaintiff's First Amended Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained therein.

27.     In answering Paragraph 27 of Plaintiff's First Amended Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained therein.

28.     In answering Paragraph 28 of Plaintiff's First Amended Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained therein.

29.     In answering Paragraph 29 of Plaintiff's First Amended Complaint, Defendant admits the allegations contained therein.

30.     In answering Paragraph 30 of Plaintiff's First Amended Complaint, Defendant admits only that at all times relevant it was a for-profit corporation providing medical staffing for the ICE detention center in the District of Arizona.

31.     In answering Paragraph 31 of Plaintiff's First Amended Complaint, Defendant admits the allegations contained therein to the extent consistent with the referenced contract, which speaks for itself.

32.     In answering Paragraph 32 of Plaintiff's First Amended Complaint, Defendant admits only that it had contractual obligations consistent with its contract with

117318494.1

IHSC, said contract speaking for itself, but denies Plaintiff's summary of the relevant contract is complete.

33.    In answering Paragraph 33 of Plaintiff's First Amended Complaint, Defendant admits only that it had contractual obligations consistent with its contract with IHSC, said contract speaking for itself, but denies Plaintiff's summary of the relevant contract is complete. Defendant further admits that it owes duties consistent with said contract, state, and federal laws and that it is responsible for the actions, omissions, policies, procedures, practices, and customs of its various employees, agents, contractors, and agencies only to the extent consistent with state and federal law. Defendant denies that it breached any contractual or legal duty relevant to Plaintiff's First Amended Complaint.

34.    In answering Paragraph 34 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein and affirmatively states that the decedent was transferred out of the ICE facility to Phoenix District Office on multiple occasions between July 1, 2022 and July 7, 2022. Defendant denies that it is contracted to provide care at the Phoenix District Office. Defendant further denies that it had any control over inmate movements.

35.    In answering Paragraph 35 of Plaintiff's First Amended Complaint, Defendant admits only that it had contractual obligations consistent with its contract with IHSC, said contract speaking for itself, but denies Plaintiff's summary of the relevant contract is complete. Defendant further admits that it owes duties consistent with said contract, state, and federal laws and that it is responsible for the actions, omissions, policies, procedures, practices, and customs of its various employees, agents, contractors, and agencies only to the extent consistent with state and federal law. Defendant denies that it breached any contractual or legal duty relevant to Plaintiff's First Amended Complaint. Defendant lacks sufficient information to form a belief as to the truth of the allegations remaining in Paragraph 35 of Plaintiff's First Amended Complaint.

117318494.1

36.    In answering Paragraph 36 of Plaintiff's First Amended Complaint, the allegations contained therein are not directed at this answering Defendant. To the extent a response is required, Defendant denies the allegations contained therein to the extent they are directed at this answering Defendant.

37.    In answering Paragraph 37 of Plaintiff's First Amended Complaint, the allegations contained therein are not directed at this answering Defendant. To the extent a response is required, Defendant denies the allegations contained therein to the extent they are directed at this answering Defendant.

38.    In answering Paragraph 38 of Plaintiff's First Amended Complaint, the allegations contained therein are not directed at this answering Defendant. To the extent a response is required, Defendant denies the allegations contained therein to the extent they are directed at this answering Defendant.

39.    In answering Paragraph 39 of Plaintiff's First Amended Complaint, the allegations contained therein are not directed at this answering Defendant. To the extent a response is required, Defendant denies the allegations contained therein to the extent they are directed at this answering Defendant.

40.    In answering Paragraph 40 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein to the extent they are directed at this answering Defendant.

## GENERAL ALLEGATIONS

41.    In answering Paragraph 41 of Plaintiff's First Amended Complaint, Defendant admits only that the decedent was at FSPC at times between July 1, 2022 and July 7, 2022. Defendant admits further that it provided care to the decedent during this period. Defendant affirmatively states that decedent was transferred out of FSPC multiple times during this period and, further, that upon information and belief, the decedent was

8

seen by two provider level medical personnel during the relevant period (Physician's Assistant and Doctor of Osteopathy) neither of whom was employed by Defendant.

42.    In answering Paragraph 42 of Plaintiff's First Amended Complaint, the allegations contained therein are not directed at this answering Defendant. To the extent a response is required, Defendant denies the allegations contained therein to the extent they are directed at this answering Defendant.

43.    In answering Paragraph 43 of Plaintiff's First Amended Complaint and to the extent the allegations contained therein are directed at this answering Defendant, Defendant denies that any acts or omissions made by or on its behalf and/or by or on behalf of its agents and/or employees in providing medical care to the decedent fell below the applicable standard of care or constituted deliberate indifference to decedent's serious medical needs. Defendant further denies that Plaintiff's alleged damages were caused by any act or omission made by Defendant and/or its employees and/or agents. Defendant affirmatively states that the causation allegations contained in Paragraph 43 require expert testimony. Finally, Defendant states that the decedent's medical record speaks for itself.

44.    In answering Paragraph 44 of Plaintiff's First Amended Complaint and to the extent the allegations contained therein are directed at this answering Defendant, Defendant denies that any acts or omissions made by or on its behalf and/or by or on behalf of its agents and/or employees in providing medical care to the decedent fell below the applicable standard of care or constituted deliberate indifference to decedent's serious medical needs. Defendant further denies that Plaintiff's alleged damages were caused by any act or omission made by Defendant and/or its employees and/or agents. Defendant affirmatively states that the causation allegations contained in Paragraph 44 require expert testimony. Finally, Defendant states that the decedent's medical record speaks for itself.

45.    In answering Paragraph 45 of Plaintiff's First Amended Complaint and to the extent the allegations contained therein are directed at this answering Defendant,

9

Defendant denies that any acts or omissions made by or on its behalf and/or by or on behalf of its agents and/or employees in providing medical care to the decedent fell below the applicable standard of care or constituted deliberate indifference to decedent's serious medical needs. Defendant further denies that Plaintiff's alleged damages were caused by any act or omission made by Defendant and/or its employees and/or agents. Defendant affirmatively states that the causation allegations contained in Paragraph 45 require expert testimony. Finally, Defendant states that the decedent's medical record speaks for itself.

**A.    FSF and FSPC.**

46.    In answering Paragraph 46 of Plaintiff's First Amended Complaint, Defendant affirmatively states the decedent's medical record speaks for itself.

47.    In answering Paragraph 47 of Plaintiff's First Amended Complaint, Defendant affirmatively states the decedent's medical record speaks for itself.

48.    In answering Paragraph 48 of Plaintiff's First Amended Complaint, Defendant affirmatively states the decedent's medical record speaks for itself.

49.    In answering Paragraph 49 of Plaintiff's First Amended Complaint, Defendant affirmatively states the decedent's medical record speaks for itself.

50.    In answering Paragraph 50 of Plaintiff's First Amended Complaint, Defendant affirmatively states the decedent's medical record speaks for itself.

51.    In answering Paragraph 51 of Plaintiff's First Amended Complaint, Defendant affirmatively states the decedent's medical record speaks for itself.

52.    In answering Paragraph 52 of Plaintiff's First Amended Complaint, Defendant affirmatively states the decedent's medical record speaks for itself.

53.    In answering Paragraph 53 of Plaintiff's First Amended Complaint, Defendant affirmatively states the decedent's medical record speaks for itself.

54.    In answering Paragraph 54 of Plaintiff's First Amended Complaint, Defendant affirmatively states the decedent's medical record speaks for itself.

117318494.1

55.     In answering Paragraph 55 of Plaintiff's First Amended Complaint, Defendant affirmatively states the decedent's medical record speaks for itself.

56.     In answering Paragraph 56 of Plaintiff's First Amended Complaint, Defendant affirmatively states the decedent's medical record speaks for itself.

57.     In answering Paragraph 57 of Plaintiff's First Amended Complaint, Defendant affirmatively states the decedent's medical record speaks for itself.

58.     In answering Paragraph 58 of Plaintiff's First Amended Complaint, Defendant affirmatively states the decedent's medical record speaks for itself.

59.     In answering Paragraph 59 of Plaintiff's First Amended Complaint, Defendant affirmatively states the decedent's medical record speaks for itself.

**B.      CAFCC.**

60.     In answering Paragraph 60 of Plaintiff's First Amended Complaint, Defendant denies that any of its agents and/or employees provide care at CAFCC. Defendant affirmatively states that, upon information and belief, the decedent's medical record speaks for itself.

61.     In answering Paragraph 61 of Plaintiff's First Amended Complaint, Defendant denies that any of its agents and/or employees provide care at CAFCC. Defendant affirmatively states that, upon information and belief, the decedent's medical record speaks for itself.

62.     In answering Paragraph 62 of Plaintiff's First Amended Complaint, Defendant denies that any of its agents and/or employees provide care at CAFCC. Defendant affirmatively states that, upon information and belief, the decedent's medical record speaks for itself.

63.     In answering Paragraph 63 of Plaintiff's First Amended Complaint, Defendant denies that any of its agents and/or employees provide care at CAFCC.

117318494.1

Defendant affirmatively states that, upon information and belief, the decedent's medical record speaks for itself.

64. In answering Paragraph 64 of Plaintiff's First Amended Complaint, Defendant denies that any of its agents and/or employees provide care at CAFCC. Defendant affirmatively states that, upon information and belief, the decedent's medical record speaks for itself.

65. In answering Paragraph 65 of Plaintiff's First Amended Complaint, Defendant denies that any of its agents and/or employees provide care at CAFCC. Defendant affirmatively states that, upon information and belief, the decedent's medical record speaks for itself.

66. In answering Paragraph 66 of Plaintiff's First Amended Complaint, Defendant denies that any of its agents and/or employees provide care at CAFCC. Defendant affirmatively states that, upon information and belief, the decedent's medical record speaks for itself.

**C.    Benjamin's Autopsy.**

67. In answering Paragraph 67 of Plaintiff's First Amended Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained therein.

68. In answering Paragraph 68 of Plaintiff's First Amended Complaint, Defendant lacks sufficient information ot form a belief as to the truth of the allegations contained therein.

69. In answering Paragraph 69 of Plaintiff's First Amended Complaint and upon information and belief, Defendant admits the allegations contained therein.

70. In answering Paragraph 70 of Plaintiff's First Amended Complaint, Defendant affirmatively states that the referenced report speaks for itself but denies that Plaintiff's allegations are a complete recitation of the referenced autopsy report.

71.    In answering Paragraph 71 of Plaintiff's First Amended Complaint, Defendant affirmatively state that the decedent's medical record speaks for itself and further state that the decedent was not in the care of agents and/or employees of Defendant at the time of his death.

**D.    ICE's Detainee Death Report**

72.    In answering Paragraph 72 of Plaintiff's First Amended Complaint and upon information and belief, Defendant admits the allegations contained therein. In so doing, Defendant does not admit or deny the content and/or conclusions of said report, which was not authored by Defendant and includes information not available to Defendant and/or pertains to actions and/or omissions of individuals and entities other than Defendant and/or information that requires expert opinion and testimony. Defendant denies that any acts or omissions made by or on its behalf and/or by or on behalf of its agents and/or employees in providing medical care to the decedent fell below the applicable standard of care or constituted deliberate indifference to decedent's serious medical needs.

73.    In answering Paragraph 73 of Plaintiff's First Amended Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained therein.

74.    In answering Paragraph 74 of Plaintiff's First Amended Complaint and upon information and belief, Defendant admits the allegations contained therein.

75.    In answering Paragraph 75 of Plaintiff's First Amended Complaint, including all subparts, Defendant affirmatively states that the reference report speaks for itself. Further, Defendant lacks knowledge and/or information which would allow it to admit or deny the allegations  in this paragraph and does not admit or deny the content and/or conclusions of said report, which was not authored by Defendant and includes information not available to Defendant and/or pertains to actions and/or omissions of individuals and entities other than Defendant and/or information that requires expert

13

opinion and testimony. Defendant denies that that any acts or omissions made by or on its behalf and/or by or on behalf of its agents and/or employees in providing medical care to the decedent fell below the applicable standard of care or constituted deliberate indifference to decedent's serious medical needs. Defendant further denies that the allegations contained in Paragraph 75 of Plaintiff's First Amended Complaint constitute a complete recitation of the referenced report.

76.    In answering Paragraph 76 of Plaintiff's First Amended Complaint, the allegations contained therein do not pertain to this answering Defendant. To the extent an answer is necessary, Defendant affirmatively states that the referenced report speaks for itself and denies that any of its employees and/or agents administered Narcan to the decedent.

**E.    IHSC's Mortality Review**

77.    In answering Paragraph 77 of Plaintiff's First Amended Complaint and upon information and belief, Defendant admits the allegations contained therein. In so doing, Defendant does not admit or deny the content and/or conclusions of said review, which was not authored by Defendant and includes information not available to Defendant and/or pertains to actions and/or omissions of individuals and entities other than Defendant and/or information that requires expert opinion and testimony.  Thus, Defendant lacks knowledge and/or information which would allow it to admit or deny the allegations in this paragraph.  Defendant denies that that any acts or omissions made by or on its behalf and/or by or on behalf of its agents and/or employees in providing medical care to the decedent fell below the applicable standard of care or constituted deliberate indifference to decedent's serious medical needs.

78.    In answering Paragraph 78 of Plaintiff's First Amended Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations therein.

117318494.1

79.    In answering Paragraph 79 of Plaintiff's First Amended Complaint and upon information and belief, Defendant admits the allegations contained therein.

80.    In answering Paragraph 80 of Plaintiff's First Amended Complaint, including all subparts, Defendant affirmatively states that the reference review speaks for itself. In so doing, Defendant does not admit or deny the content and/or conclusions of said report, which was not authored by Defendant and includes information not available to Defendant and/or pertains to actions and/or omissions of individuals and entities other than Defendant and/or information that requires expert opinion and testimony. Thus, Defendant lacks knowledge and/or information which would allow it to admit or deny the allegations in this paragraph.  Defendant denies that that any acts or omissions made by or on its behalf and/or by or on behalf of its agents and/or employees in providing medical care to the decedent fell below the applicable standard of care or constituted deliberate indifference to decedent's serious medical needs. Defendant further denies that the allegations contained in Paragraph 80 of Plaintiff's First Amended Complaint constitute a complete recitation of the referenced review.

81.    In answering Paragraph 81 of Plaintiff's First Amended Complaint, Defendant denies that any act or omissions made by or on its behalf and/or by or on behalf of its agents and/or employees in providing medical care to the decedent fell below the applicable standard of care or constituted deliberate indifference to decedent's serious medical needs. Defendant denies that Plaintiff's alleged damages were caused by any act or omission made by Defendant and/or its employees and/or agents.  Defendant further denies that policies set the applicable standard of care as it applies to medical negligence and further denies that policy violations meet the legal standards for deliberate indifference. Defendant affirmatively states that the decedent's medical record and the referenced documents speak for themselves.

117318494.1

82.    In answering Paragraph 82 of Plaintiff's First Amended Complaint, including all subparts, Defendant affirmatively states that the reference review speaks for itself. In so doing, Defendant does not admit or deny the content and/or conclusions of said report, which was not authored by Defendant and includes information not available to Defendant and/or pertains to actions and/or omissions of individuals and entities other than Defendant and/or information that requires expert opinion and testimony. Thus, Defendant lacks knowledge and/or information which would allow it to admit or deny the allegations in this paragraph.  Defendant denies that that any acts or omissions made by or on its behalf and/or by or on behalf of its agents and/or employees in providing medical care to the decedent fell below the applicable standard of care or constituted deliberate indifference to decedent's serious medical needs. Defendant further denies that the allegations contained in Paragraph 82 of Plaintiff's First Amended Complaint constitute a complete recitation of the referenced review.

83.    In answering Paragraph 83 of Plaintiff's First Amended Complaint, including all subparts, Defendant affirmatively states that the reference review speaks for itself. In so doing, Defendant does not admit or deny the content and/or conclusions of said report, which was not authored by Defendant and includes information not available to Defendant and/or pertains to actions and/or omissions of individuals and entities other than Defendant and/or information that requires expert opinion and testimony. Thus, Defendant lacks knowledge and/or information which would allow it to admit or deny the allegations in this paragraph.  Defendant denies that that any acts or omissions made by or on its behalf and/or by or on behalf of its agents and/or employees in providing medical care to the decedent fell below the applicable standard of care or constituted deliberate indifference to decedent's serious medical needs. Defendant further denies that the allegations contained in Paragraph 83 of Plaintiff's First Amended Complaint constitute a complete recitation of the referenced review.

117318494.1

84.     In answering Paragraph 84 of Plaintiff's First Amended Complaint and to the extent the allegations contained therein are directed at this answering Defendant, Defendant denies that any acts or omissions made by or on its behalf and/or by or on behalf of its agents and/or employees in providing medical care to the decedent fell below the applicable standard of care or constituted deliberate indifference to decedent's serious medical needs. Defendant further denies that Plaintiff's alleged damages were caused by any act or omission made by Defendant and/or its employees and/or agents. Defendant affirmatively states that the causation allegations contained in Paragraph 84 require expert testimony. Finally, Defendant states that the decedent's medical record speaks for itself.

85.     In answering Paragraph 85 of Plaintiff's First Amended Complaint and to the extent the allegations contained therein are directed at this answering Defendant, Defendant denies that any acts or omissions made by or on its behalf and/or by or on behalf of its agents and/or employees in providing medical care to the decedent fell below the applicable standard of care or constituted deliberate indifference to decedent's serious medical needs. Defendant further denies that Plaintiff's alleged damages were caused by any act or omission made by Defendant and/or its employees and/or agents. Defendant affirmatively states that the causation allegations contained in Paragraph 85 require expert testimony. Finally, Defendant states that the decedent's medical record speaks for itself.

86.     In answering Paragraph 86 of Plaintiff's First Amended Complaint and to the extent the allegations contained therein are directed at this answering Defendant, Defendant denies that any acts or omissions made by or on its behalf and/or by or on behalf of its agents and/or employees in providing medical care to the decedent fell below the applicable standard of care or constituted deliberate indifference to decedent's serious medical needs. Defendant further denies that Plaintiff's alleged damages were caused by any act or omission made by Defendant and/or its employees and/or agents. Defendant further denies the referenced PA was an employee and/or agent of Defendant and

affirmatively states the RN appropriately followed the instructions of the supervising PA. Defendant affirmatively states that the causation allegations contained in Paragraph 86 require expert testimony. Finally, Defendant states that the decedent's medical record speaks for itself.

87.    In answering Paragraph 87 of Plaintiff's First Amended Complaint and to the extent the allegations contained therein are directed at this answering Defendant, Defendant denies that any acts or omissions made by or on its behalf and/or by or on behalf of its agents and/or employees in providing medical care to the decedent fell below the applicable standard of care or constituted deliberate indifference to decedent's serious medical needs. Defendant further denies that Plaintiff's alleged damages were caused by any act or omission made by Defendant and/or its employees and/or agents. Defendant further denies the referenced PA and Clinical Director were employees and/or agents of Defendant and affirmatively states the RN appropriately followed the instructions of the supervising PA and Clinical Director. Defendant affirmatively states that the causation allegations contained in Paragraph 86 require expert testimony. Finally, Defendant states that the decedent's medical record speaks for itself.

88.    In answering Paragraph 88 of Plaintiff's First Amended Complaint and to the extent the allegations contained therein are directed at this answering Defendant, Defendant denies that any acts or omissions made by or on its behalf and/or by or on behalf of its agents and/or employees in providing medical care to the decedent fell below the applicable standard of care or constituted deliberate indifference to decedent's serious medical needs. Defendant further denies that Plaintiff's alleged damages were caused by any act or omission made by Defendant and/or its employees and/or agents. Defendant further denies the referenced PA was an employee and/or agent of Defendant and affirmatively states the RN appropriately followed the instructions of the supervising PA. Defendant affirmatively states that the causation allegations contained in Paragraph 86

117318494.1

require expert testimony. Finally, Defendant states that the decedent's medical record speaks for itself.

89.    In answering Paragraph 89 of Plaintiff's First Amended Complaint, Defendant denies that it or its employees and/or agents provided care at CAFCC. Defendant affirmatively states that referenced report and medical records speak for themselves but denies that the allegations contained therein constitute a complete recitation of the referenced documents.

90.    In answering Paragraph 90 of Plaintiff's First Amended Complaint, Defendant denies that it has any authority over inmate transfers.

91.    In answering Paragraph 91 of Plaintiff's First Amended Complaint, Defendant denies that it has any authority over inmate transfers. Further, Defendant denies that the medical director and PA referenced in Plaintiff's First Amended Complaint and supervising care during the relevant period were employees and/or agents of Defendant.

92.    In answering Paragraph 92 of Plaintiff's First Amended Complaint, Defendant denies that it has any authority over inmate transfers.

93.    In answering Paragraph 93 of Plaintiff's First Amended Complaint, Defendant denies that it has any authority over inmate transfers.

94.    In answering paragraph 94 of Plaintiff's First Amended Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained therein.

95.    In answering Paragraph 95 of Plaintiff's First Amended Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations contained therein. Defendant affirmatively states that it did not have any authority over inmate transfers.

117318494.1

1

**F.    The United States' Duty of Care**

2

96.    In answering Paragraph 96 of Plaintiff's First Amended Complaint,

3

no affirmative response is required from this answering Defendant.

4

97.    In answering Paragraph 97 of Plaintiff's First Amended Complaint,

5

no affirmative response is required from this answering Defendant.

6

98.    In answering Paragraph 98 of Plaintiff's First Amended Complaint,

7

no affirmative response is required from this answering Defendant.

8

99.    In answering Paragraph 99 of Plaintiff's First Amended Complaint,

9

no affirmative response is required from this answering Defendant.

10

11

100.    In answering Paragraph 100 of Plaintiff's First Amended Complaint,

12

no affirmative response is required from this answering Defendant.

13

101.    In answering Paragraph 101 of Plaintiff's First Amended Complaint,

14

no affirmative response is required from this answering Defendant.

15

102.    In answering Paragraph 102 of Plaintiff's First Amended Complaint,

16

no affirmative response is required from this answering Defendant.

17

103.    In answering Paragraph 103 of Plaintiff's First Amended Complaint,

18

no affirmative response is required from this answering Defendant.

19

104.    In answering Paragraph 104 of Plaintiff's First Amended Complaint,

20

no affirmative response is required from this answering Defendant.

21

22

105.    In answering Paragraph 105 of Plaintiff's First Amended Complaint,

23

no affirmative response is required from this answering Defendant.

24

106.    In answering Paragraph 106 of Plaintiff's First Amended Complaint,

25

no affirmative response is required from this answering Defendant.

26

107.    In answering Paragraph 107 of Plaintiff's First Amended Complaint,

27

no affirmative response is required from this answering Defendant.

28

117318494.1

108.    In answering Paragraph 108 of Plaintiff's First Amended Complaint, no affirmative response is required from this answering Defendant.

109.    In answering Paragraph 109, including subparts, of Plaintiff's First Amended Complaint, no affirmative response is required from this answering Defendant.

110.    In answering Paragraph 110 of Plaintiff's First Amended Complaint, and although Paragraphs 96-116 are not directed at Defendant, Defendant denies that any act or omissions made by or on its behalf and/or by or on behalf of its agents and/or employees in providing medical care to the decedent fell below the applicable standard of care or constituted deliberate indifference to decedent's serious medical needs. Defendant denies that Plaintiff's alleged damages were caused by any act or omission made by Defendant and/or its employees and/or agents.  Defendant further denies that the referenced policies and/or standards set the applicable standard of care as it applies to medical negligence and further denies that policy and or standard violations meet the legal standards for deliberate indifference. Defendant affirmatively states that the causation allegations contained in Paragraph 110 require expert testimony.

111.    In answering Paragraph 111 of Plaintiff's First Amended Complaint, and although Paragraphs 96-116 are not directed at Defendant, Defendant denies that any act or omissions made by or on its behalf and/or by or on behalf of its agents and/or employees in providing medical care to the decedent fell below the applicable standard of care or constituted deliberate indifference to decedent's serious medical needs. Defendant denies that Plaintiff's alleged damages were caused by any act or omission made by Defendant and/or its employees and/or agents.  Defendant further denies that the referenced policies and/or standards set the applicable standard of care as it applies to medical negligence and further denies that policy and or standard violations meet the legal standards for deliberate indifference.  Defendant affirmatively states that the causation allegations contained in Paragraph 111 require expert testimony.

117318494.1

112.    In answering Paragraph 112 of Plaintiff's First Amended Complaint and although Paragraphs 96-116 are not directed at Defendant, Defendant denies that any act or omissions made by or on its behalf and/or by or on behalf of its agents and/or employees in providing medical care to the decedent fell below the applicable standard of care or constituted deliberate indifference to decedent's serious medical needs. Defendant denies that Plaintiff's alleged damages were caused by any act or omission made by Defendant and/or its employees and/or agents.  Defendant further denies that the referenced policies and/or standards set the applicable standard of care as it applies to medical negligence and further denies that policy and or standard violations meet the legal standards for deliberate indifference.  Defendant affirmatively states that the causation allegations contained in Paragraph 112 require expert testimony.

113.    In answering Paragraph 113 of Plaintiff's First Amended Complaint, and although Paragraphs 96-116 are not directed at Defendant, Defendant denies that any act or omissions made by or on its behalf and/or by or on behalf of its agents and/or employees in providing medical care to the decedent fell below the applicable standard of care or constituted deliberate indifference to decedent's serious medical needs. Defendant denies that Plaintiff's alleged damages were caused by any act or omission made by Defendant and/or its employees and/or agents.  Defendant further denies that the referenced policies and/or standards set the applicable standard of care as it applies to medical negligence and further denies that policy and or standard violations meet the legal standards for deliberate indifference.  Defendant affirmatively states that the causation allegations contained in Paragraph 113 require expert testimony.

114.    In answering Paragraph 114 of Plaintiff's First Amended Complaint, and although Paragraphs 96-116 are not directed at Defendant, Defendant denies that any act or omissions made by or on its behalf and/or by or on behalf of its agents and/or employees in providing medical care to the decedent fell below the applicable standard of

117318494.1

care or constituted deliberate indifference to decedent's serious medical needs. Defendant denies that Plaintiff's alleged damages were caused by any act or omission made by Defendant and/or its employees and/or agents. Defendant further denies that the referenced policies and/or standards set the applicable standard of care as it applies to medical negligence and further denies that policy and or standard violations meet the legal standards for deliberate indifference. Defendant affirmatively states that the causation allegations contained in Paragraph 114 require expert testimony.

115.     In answering Paragraph 115 of Plaintiff's First Amended Complaint, and although Paragraphs 96-116 are not directed at Defendant, Defendant denies that any act or omissions made by or on its behalf and/or by or on behalf of its agents and/or employees in providing medical care to the decedent fell below the applicable standard of care or constituted deliberate indifference to decedent's serious medical needs. Defendant denies that Plaintiff's alleged damages were caused by any act or omission made by Defendant and/or its employees and/or agents. Defendant further denies that the referenced policies and/or standards set the applicable standard of care as it applies to medical negligence and further denies that policy and or standard violations meet the legal standards for deliberate indifference. Defendant affirmatively states that the causation allegations contained in Paragraph 115 require expert testimony.

116.     In answering Paragraph 116 of Plaintiff's First Amended Complaint, and although Paragraphs 96-116 are not directed at Defendant, Defendant denies that any act or omissions made by or on its behalf and/or by or on behalf of its agents and/or employees in providing medical care to the decedent fell below the applicable standard of care or constituted deliberate indifference to decedent's serious medical needs. Defendant denies that Plaintiff's alleged damages were caused by any act or omission made by Defendant and/or its employees and/or agents. Defendant further denies that the referenced policies and/or standards set the applicable standard of care as it applies to medical

23

117318494.1

negligence and further denies that policy and or standard violations meet the legal standards for deliberate indifference. Defendant affirmatively states that the causation allegations contained in Paragraph 116 require expert testimony.

### G.    STG, CoreCivic, and Does 1-10

117.    In answering Paragraph 117 of Plaintiff's First Amended Complaint, and to the extent the allegations contained therein are directed at this answering Defendant, Defendant admits it owes duties consistent with state and federal law, but denies that Plaintiff has fully and accurately articulated the scope of its duties and, further, denies that the actions or omissions of it and/or its employees and/or agents breached any applicable duty.

118.    In answering Paragraph 118 of Plaintiff's First Amended Complaint, and to the extent the allegations contained therein are directed at this answering Defendant, Defendant admits it owes duties consistent with state and federal law, but denies that Plaintiff has fully and accurately articulated the scope of its duties and, further, denies that the actions or omissions of it and/or its employees and/or agents breached any applicable duty.

119.    In answering Paragraph 119 of Plaintiff's First Amended Complaint, and to the extent the allegations contained therein are directed at this answering Defendant, Defendant admits it owes duties consistent with state and federal law but denies that Plaintiff has fully and accurately articulated the scope of its duties and, further, denies that the actions or omissions of it and/or its employees and/or agents breached any applicable duty.

120.    In answering Paragraph 120 of Plaintiff's First Amended Complaint, no affirmative response is required from this answering Defendant.

121.    In answering Paragraph 121 of Plaintiff's First Amended Complaint, Defendant admits only that it had contractual obligations consistent with its contract with

IHSC, said contract speaking for itself, but denies that Plaintiff's summary of the relevant contract is complete. Defendant further admits that it owes duties consistent with said contract, state, and federal laws and that it is responsible for the actions, omissions, policies, procedures, practices, and customs of its various employees, agents, contractors, and agencies only to the extent consistent with state and federal law. Defendant denies that it breached any contractual or legal duty relevant to Plaintiff's First Amended Complaint.

122.    In answering Paragraph 122 of Plaintiff's First Amended Complaint, Defendant admits only that it had contractual obligations consistent with its contract with IHSC, said contract speaking for itself, but denies that Plaintiff's summary of the relevant contract is complete. Defendant further admits that it owes duties consistent with said contract, state, and federal laws and that it is responsible for the actions, omissions, policies, procedures, practices, and customs of its various employees, agents, contractors, and agencies only to the extent consistent with state and federal law. Defendant denies that it breached any contractual or legal duty relevant to Plaintiff's First Amended Complaint

123.    In answering Paragraph 123 of Plaintiff's First Amended Complaint, Defendant admits it owes duties consistent with state and federal law but denies that Plaintiff has fully and accurately articulated the scope of its duties and, further, denies that the actions or omissions of it and/or its employees and/or agents breached any applicable duty. Further, Defendant denies that the medical director and PA referenced in Plaintiff's First Amended Complaint and supervising care during the relevant period were employees and/or agents of Defendant.

124.    In answering Paragraph 124 of Plaintiff's First Amended Complaint, no affirmative response is required from this answering Defendant.

125.    In answering Paragraph 125 of Plaintiff's First Amended Complaint, no affirmative response is required from this answering Defendant.

117318494.1

126.    In answering Paragraph 126 of Plaintiff's First Amended Complaint, no affirmative response is required from this answering Defendant.

127.    In answering Paragraph 127 of Plaintiff's First Amended Complaint, including subparts, no affirmative response is required from this answering Defendant.

128.    In answering Paragraph 128 of Plaintiff's First Amended Complaint, including subparts, Defendant denies the allegations contained therein.

129.    In answering Paragraph 129 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein to the extent directed at Defendant.

130.    In answering Paragraph 130 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein to the extent directed at Defendant.

131.    In answering Paragraph 131 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein to the extent directed at Defendant.

132.    In answering Paragraph 132 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein to the extent directed at Defendant.

133.    In answering Paragraph 133 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein to the extent directed at Defendant.

134.    In answering Paragraph 134 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein to the extent directed at Defendant.

135.    In answering Paragraph 135 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein to the extent directed at Defendant.

## <u>COUNT I – NEGLIGENCE/WRONGFUL DEATH</u>

**(Against the United States pursuant to 28 U.S.C. § 2674, and against CoreCivic, STG and Does 1-10 Pursuant to A.R.S. § 12-611)**

136.    In answering Paragraph 136 of Plaintiff's First Amended Complaint, Defendant incorporates by references its responses to preceding paragraphs.

137.    In answering Paragraph 137 of Plaintiff's First Amended Complaint, no affirmative response is required from this answering Defendant.

26

138.  In answering Paragraph 138 of Plaintiff's First Amended Complaint, no affirmative response is required from this answering Defendant.

139.  In answering Paragraph 139 of Plaintiff's First Amended Complaint, no affirmative response is required from this answering Defendant.

140.  In answering Paragraph 140 of Plaintiff's First Amended Complaint, including subparts, no affirmative response is required from this answering Defendant.

141.  In answering Paragraph 141 of Plaintiff's First Amended Complaint, Defendant admits it owes duties consistent with state and federal law but denies that Plaintiff has fully and accurately articulated the scope of its duties and, further, denies that the actions or omissions of it and/or its employees and/or agents breached any applicable duty. Further, Defendant denies that the medical director and PA referenced in Plaintiff's First Amended Complaint and supervising care during the relevant period were employees and/or agents of Defendant.

142.  In answering Paragraph 142 of Plaintiff's First Amended Complaint, Defendant admits it owes duties consistent with state and federal law, but denies that Plaintiff has fully and accurately articulated the scope of its duties and, further, denies that the actions or omissions of it and/or its employees and/or agents breached any applicable duty. Further, Defendant denies that the medical director and PA referenced in Plaintiff's First Amended Complaint and supervising care during the relevant period were employees and/or agents of Defendant.

143.  In answering Paragraph 143 of Plaintiff's First Amended Complaint, including subparts, Defendant denies the allegations contained therein.

144.  In answering Paragraph 144 of Plaintiff's First Amended Complaint, no affirmative response is required from this answering Defendant.

145.  In answering Paragraph 145 of Plaintiff's First Amended Complaint, no affirmative response is required from this answering Defendant.

117318494.1

146.   In answering Paragraph 146 of Plaintiff's First Amended Complaint, including subparts, no affirmative response is required from this answering Defendant.

147.   In answering Paragraph 147 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein to the extent they are directed at this answering Defendant.

148.   In answering Paragraph 148 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein to the extent they are directed at this answering Defendant.

149.   In answering Paragraph 149 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein to the extent they are directed at this answering Defendant.

150.   In answering Paragraph 150 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein to the extent they are directed at this answering Defendant.

151.   In answering Paragraph 151 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein to the extent they are directed at this answering Defendant.

152.   In answering Paragraph 152 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein to the extent they are directed at this answering Defendant.

153.   In answering Paragraph 153 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein to the extent they are directed at this answering Defendant.

154.   In answering Paragraph 154 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein to the extent they are directed at this answering Defendant.

117318494.1

155.    In answering Paragraph 155 of Plaintiff's First Amended Complaint, Defendant admits that it is vicariously liable for the actions and/or omissions of its employees and/or agents acting within the course and scope of employment and/or agency only to the extent consistent with state and federal law.

## AFFIRMATIVE DEFENSES

156.    As a separate defense, or in the alternative, this answering Defendant alleges that Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted against this answering Defendant.

157.    As a separate defense and in the alternative, this answering Defendant alleges that the Plaintiff and/or decedent were contributorily negligent and/or any damages incurred by the Plaintiff was the result of an intervening/superseding cause or occurred as a result of the negligence of Plaintiff and/or decedent and/or someone other than this answering Defendant, all of which bars recovery to the Plaintiff herein from this answering Defendant.

158.    As a separate defense and in the alternative, this answering Defendant alleges that the Plaintiff and/or decedent were negligent, in whole or in part, thereby reducing or eliminating any damages owed by this answering Defendant to the Plaintiff by way of comparative negligence.

159.    As a separate defense and in the alternative, this answering Defendant alleges they did not violate the Plaintiff's rights under the Fourteenth Amendment of the United States Constitution.

160.    As a separate defense and in the alternative, punitive damages may not be awarded against a governmental entity or governmental employees acting within the course and scope of their employment on any State law claim pursuant to A.R.S. § 12-820.04.

117318494.1

161.   As a separate defense and in the alternative, punitive damages may not be awarded against a governmental entity or against individually named Defendants in their official capacity pursuant to *Smith v. Wade*, 461 U.S. 30 (1983).

162.   As a separate defense and in the alternative, to the extent Plaintiff seeks punitive damages; Plaintiff is barred from seeking punitive damages against persons in their official capacity.  *See City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247 (1981); *Lancaster Community Hospital v. Antelope Valley Hospital District*, 940 F.2d 397 (9th Cir. 1991).

163.   As a separate defense and in the alternative, this answering Defendant alleges that its actions were objectively reasonable under the totality of circumstances and that its employees and/or agents were acting in good faith and without malice.

164.   As a separate defense and in the alternative, this answering Defendant alleges that based on the allegations in Plaintiff's First Amended Complaint, punitive damages are not recoverable from this answering Defendant.

165.   As a separate defense and in the alternative, this answering Defendant alleges that there existed no conduct in this case motivated by an evil motive or intent, and neither did any conduct involve reckless or callous indifference to the rights of the Plaintiff and/or decedent, thereby precluding punitive damages.

166.   As a separate defense and in the alternative, this answering Defendant alleges that Plaintiff's First Amended Complaint fails to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure and merely contains labels and conclusions and threadbare recitals of the elements of causes of action.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

167.   As a separate defense and in the alternative, this answering Defendant alleges that the conduct of it, its employees, and/or its agents was at all times reasonable, lawful, and within the appropriate standard of care.

117318494.1

168.    As a separate defense and in the alternative, this answering Defendant alleges that Plaintiff's alleged damages may be the result of actions or omissions made by, or on behalf of, non-parties at fault pursuant to A.R.S. § 12-2501 et sec., which will be timely disclosed after discovery.

169.    As a separate defense and in the alternative, this answering Defendant alleges that Plaintiff's damages, if any, were wholly or proximately caused by persons or entities over which this answering Defendant had no control.

170.    As a separate defense and in the alternative, this answering Defendant alleges that they are entitled to all privileges and immunities, including qualified immunity, extended to governmental entities and employees under federal law as set forth in *Hunter v. Bryant*, 502 U.S. 224 (1991), *Saucier v. Katz*, 533 U.S. 194 (2001) and *Pearson v. Callahan*, 555 U.S. 223 (2009).

171.    As a separate defense and in the alternative, this answering Defendant alleges that Plaintiff has failed to set forth the requisite showing of subjective intent necessary to sustain a cause of action alleging a constitutional violation, thereby warranting dismissal of her constitutional and federal statutory claims.

172.    As a separate defense and in the alternative, this answering Defendant alleges that Plaintiff has failed to set forth a grave deprivation in regard to their allegation that a constitutional violation has occurred, thereby warranting dismissal of the constitutional and federal statutory claims.

173.    This answering Defendant affirmatively assert that Plaintiff is required to prove her claims through qualified expert testimony.  *See* A.R.S. §§ 12-2603; 12-2604.

174.    These answering Defendant, to avoid waiver at this time, alleges all additional affirmative defenses set forth in Rule 8(c) and Rule 12(b), Federal Rules of Civil Procedure.

117318494.1

1    WHEREFORE, having fully answered Plaintiff's First Amended Complaint,

2  Defendant prays that Plaintiff takes nothing and that the First Amended Complaint be

3  dismissed.

4    DATED this 12th day of August, 2024.

5                                        JONES, SKELTON & HOCHULI, P.L.C.

6

7                                        By /s/Brandi C. Blair

8                                            John T. Masterson
                                             Brandi C. Blair
9                                            40 N. Central Avenue, Suite 2700
                                             Phoenix, Arizona 85004
10                                           Attorneys for Defendant STG
                                             International, Inc.
11

12                    **CERTIFICATE OF SERVICE**

13    I hereby certify that on this 12th day of August, 2024, I caused the foregoing

14  document to be filed electronically with the Clerk of Court through the CM/ECF System

15  for filing; and served on counsel of record via the Court's CM/ECF system.

16

17  Adam T. Peterson
    Tyler B. Bugden
18  FARHANG &MEDCOFF
    100 South Church Avenue, Suite 100
19  Tucson, AZ 85701
    apeterson@farhangmedcoff.com
20  tbugden@farhangmedcoff.com
    Attorneys for Plaintiff
21

22  Laura Belous
    Rocío Castañeda Acosta
23  FLORENCE IMMIGRANT &REFUGEE RIGHTS PROJECT
    P.O. Box 86299
24  Tucson, AZ 85754
    lbelous@firrp.org
25  rcastaneda@firrp.org
    Attorneys for Plaintiff
26

27  /s/Gladys Negron

28

32

117318494.1