Daniel P. Struck, Bar No. 012377
Dana M. Keene, Bar No. 033619
Courtney Lacaillade, Bar No. 035573
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
dstruck@strucklove.com
dkeene@strucklove.com
clacaillade@strucklove.com

*Attorneys for Defendant CoreCivic*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Anayeli Pimentel Solar, as the widow of Benjamin Gonzalez-Soto, deceased, for herself and for and on the behalf of all other surviving statutory wrongful death beneficiaries of Benjamin Gonzalez-Soto, including JMGP, Maria Elena Soto Villalpando, and Gilberto Gonzalez Reyes,<br><br>                                    Plaintiff,<br><br>        v.<br><br>United States of America; CoreCivic, Inc., a Maryland corporation; STG International, Inc., a Virigina corporation; and Does 1-10, healthcare providers,<br><br>                                    Defendants. | NO. 2:24-cv-01517-SMM-JZB<br><br>**DEFENDANT CORECIVIC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT (DKT. 007)** |

Defendant CoreCivic, Inc. ("CoreCivic") submits its Answer to Plaintiff's First Amended Complaint.  (Dkt. 7.)  CoreCivic denies each allegation of Plaintiff's First Amended Complaint not specifically admitted or otherwise pled to.  CoreCivic reserves its right to supplement and/or amend its Answer once additional information is obtained in discovery.

## INTRODUCTION

1.    In answering Paragraph 1 of Plaintiff's First Amended Complaint, this Paragraph is a narrative introductory paragraph, which contains advocacy argument

interspersed with legal conclusions, to which no response is required. Moreover, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required. To the extent these allegations are directed at CoreCivic, CoreCivic admits only that the decedent died on July 8, 2022, and denies all other allegations. CoreCivic specifically denies that it breached any duty of care to the decedent, that it violated any regulations, contracts, standards, policies, or rules, or that it negligently caused or contributed to decedent's death.

2.     In answering Paragraph 2 of Plaintiff's First Amended Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore denies it.

3.     In answering Paragraph 3 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required. To the extent these allegations are directed at CoreCivic, CoreCivic admits only that the decedent died on July 8, 2022, and denies all other allegations. CoreCivic specifically denies that it breached any duty of care to the decedent, that it violated any regulations, contracts, standards, policies, or rules, or that it negligently caused or contributed to decedent's death.

4.     In answering Paragraph 4 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required. To the extent this Paragraph contains allegations against CoreCivic, CoreCivic denies them. CoreCivic specifically denies that it breached any duty of care to the decedent, that it violated any regulations, contracts, standards, policies, or rules, or that it negligently caused or contributed to decedent's death.

5.     In answering Paragraph 5 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from

the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required.  To the extent this Paragraph contains allegations against CoreCivic, CoreCivic denies them.  CoreCivic specifically denies that it breached any duty of care to the decedent, that it violated any regulations, contracts, standards, policies, or rules, or that it negligently caused or contributed to decedent's death.

6.      In answering Paragraph 6 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required.  To the extent this Paragraph contains allegations against CoreCivic, CoreCivic denies them.  CoreCivic specifically denies that it breached any duty of care to the decedent, that it violated any regulations, contracts, standards, policies, or rules, or that it negligently caused or contributed to decedent's death.

7.      In answering Paragraph 7 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required. To the extent these allegations are directed at CoreCivic, CoreCivic admits only that the decedent died on July 8, 2022, and denies all other allegations.  CoreCivic specifically denies that it breached any duty of care to the decedent, that it violated any regulations, contracts, standards, policies, or rules, or that it negligently caused or contributed to decedent's death.

8.      In answering Paragraph 8 of Plaintiff's First Amended Complaint, CoreCivic admits only that Anayeli Pimentel Solar is the Plaintiff in this lawsuit.  All remaining allegations regarding other surviving statutory wrongful death beneficiaries and/or Plaintiff's ability to bring these claims on their behalf, are legal conclusions to which no response is required. To the extent a response is required, CoreCivic is without sufficient information to form a belief as to the truth of the remaining allegations asserted in this Paragraph and therefore denies it.

///

**JURISDICTION AND VENUE**

9.    In answering Paragraph 9 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required. To the extent a response is required, CoreCivic is without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore denies it.

10.    In answering Paragraph 10 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required.    To the extent this Paragraph contains allegations against CoreCivic, the allegations are legal conclusions to which no response is required, and none is provided.

11.    In answering Paragraph 11 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required.    To the extent this Paragraph contains allegations against CoreCivic, the allegations are legal conclusions to which no response is required, and none is provided.

12.    In answering Paragraph 12 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required.    To the extent this Paragraph contains allegations against CoreCivic, the allegations are legal conclusions to which no response is required, and none is provided.

13.    In answering Paragraph 13 of Plaintiff's First Amended Complaint, CoreCivic admits that venue is proper in this Court.

**PARTIES**

14.    In answering Paragraph 14 of Plaintiff's First Amended Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore denies it.

15.    In answering Paragraph 15 of Plaintiff's First Amended Complaint,

4

CoreCivic admits only that Anayeli Pimentel Solar is the Plaintiff in this lawsuit. All remaining allegations regarding other surviving statutory beneficiaries and/or Plaintiff's ability to bring these claims on their behalf, are legal conclusions to which no response is required. To the extent a response is required, CoreCivic is without sufficient information to form a belief as to the truth of the remaining allegations asserted in this Paragraph and therefore denies it.

16.    In answering Paragraph 16 of Plaintiff's First Amended Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore denies it.

17.    In answering Paragraph 17 of Plaintiff's First Amended Complaint, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, CoreCivic is without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore denies it.

18.    In answering Paragraph 18 of Plaintiff's First Amended Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore denies it.

19.    In answering Paragraph 19 of Plaintiff's First Amended Complaint, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, CoreCivic is without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore denies it.

20.    In answering Paragraph 20 of Plaintiff's First Amended Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore denies it.

21.    In answering Paragraph 21 of Plaintiff's First Amended Complaint, this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, CoreCivic is without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore denies it.

22.    In answering Paragraph 22 of Plaintiff's First Amended Complaint, the

allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required. To the extent a response is required, CoreCivic is without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore denies it.

23.   In answering Paragraph 23 of Plaintiff's First Amended Complaint, CoreCivic admits that it is a Maryland corporation with a principal place of business in Brentwood, Tennessee.

24.   In answering Paragraph 24 of Plaintiff's First Amended Complaint, CoreCivic admits only that as part of its business operations, it owns and operates detention and correctional facilities in Arizona pursuant to contractual agreements between CoreCivic and its state and federal government partners.

25.   In answering Paragraph 25 of Plaintiff's First Amended Complaint, CoreCivic admits only that as part of its business operations, it contracts with local, state, and federal government partners to provide detention and correctional services at CoreCivic facilities across the United States.  CoreCivic denies the allegation that it contracted with the United States Immigration and Customs Enforcement ("ICE") to operate and manage the Central Arizona Florence Correctional Complex ("CAFCC") in Florence, Arizona. CoreCivic affirmatively alleges that it contracted with the United States Marshals Service ("USMS") to operate CAFCC, and that ICE was an authorized user under that contract.

26.   In answering Paragraph 26 of Plaintiff's First Amended Complaint, CoreCivic admits that it owned and operated CAFCC in Florence, Arizona, and that it housed ICE detainees there during the relevant timeframe.  CoreCivic denies the allegation that it did so pursuant to an Intergovernmental Service Agreement between CoreCivic and ICE and denies the existence of any Intergovernmental Service Agreement. CoreCivic affirmatively alleges that it contracted with the USMS to operate CAFCC, and that ICE was an authorized user under that contract, which permitted it to house ICE detainees at CAFCC. CoreCivic admits that it was responsible for security operations at CAFCC, which is a secure detention facility, and that it provided medical services to ICE detainees there.

6

CoreCivic also admits that it complies with certain applicable ICE Performance Based National Detention Standards (2011, as amended in 2016) ("PBNDS") in managing the ICE population at CAFCC. All other allegations that are not expressly admitted are denied. CoreCivic specifically denies that it breached any duty of care to the decedent, that it violated any regulations, contracts, standards, policies, or rules, or that it negligently caused or contributed to decedent's death.

27. In answering Paragraph 27 of Plaintiff's First Amended Complaint, CoreCivic cannot adequately admit or deny this Paragraph as worded given its vagueness and overbreadth. CoreCivic affirmatively alleges that it was responsible for supervising its employees at CAFCC in the normal course and scope of their job duties, and for reasonably ensuring that CAFCC's operations complied with any relevant contractual agreements, laws, regulations, and/or policies (including PBNDS). All other allegations that are not expressly admitted are denied.

28. In answering Paragraph 28 of Plaintiff's First Amended Complaint, CoreCivic admits only that the decedent arrived at CAFCC on July 7, 2022, and that he died on July 8, 2022. CoreCivic affirmatively alleges that while it had physical custody of the decedent during his brief detention at CAFCC and had a duty to reasonably ensure his safety and security and to provide him with reasonable medical care, he remained in the legal custody of ICE at all relevant times, which also had a non-delegable duty to do the same. All other allegations not expressly admitted are denied.

29. In answering Paragraph 29 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required, and none is provided.

30. In answering Paragraph 30 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required, and none is provided.

31. In answering Paragraph 31 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore

no response is required, and none is provided.

32.    In answering Paragraph 32 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required, and none is provided.

33.    In answering Paragraph 33 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required, and none is provided.

34.    In answering Paragraph 34 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required, and none is provided.

35.    In answering Paragraph 35 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed at unidentified Doe Defendants, all of whom are alleged to have been contractors of CoreCivic and/or the United States, and therefore no response is required.  To the extent a response is required, CoreCivic denies it.

36.    In answering Paragraph 36 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed at unidentified Doe Defendants, all of whom are alleged to have been contractors of CoreCivic and/or the United States, and therefore no response is required.  To the extent a response is required, CoreCivic denies it.

37.    In answering Paragraph 37 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required, and none is provided.

38.    In answering Paragraph 38 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required, and none is provided.

39.    In answering Paragraph 39 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required, and none is provided.

40.    In answering Paragraph 40 of Plaintiff's First Amended Complaint, the

allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required. This Paragraph also contains improper legal conclusions to which no response is required. To the extent this Paragraph contains allegations against CoreCivic, CoreCivic denies the allegations and specifically denies that it breached any duty of care to decedent, that it violated any regulations, contracts, standards, policies, or rules, or that it negligently caused or contributed to the decedent's death.

## **GENERAL ALLEGATIONS**

41.    In answering Paragraph 41 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required, and none is provided.

42.    In answering Paragraph 42 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic, including unidentified Doe Defendants, all of whom are alleged to have been contractors of CoreCivic and/or the United States, and therefore no response is required. To the extent a response is required, CoreCivic admits only that decedent died on July 8, 2022 at CAFCC.  All other allegations that are not expressly admitted are denied.

43.    In answering Paragraph 43 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required. To the extent this Paragraph contains allegations against CoreCivic, CoreCivic denies it. CoreCivic specifically denies that it breached any duty of care to the decedent, that it violated any regulations, contracts, standards, policies, or rules, or that it negligently caused or contributed to decedent's death.

44.    In answering Paragraph 44 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and

1  therefore no response is required. To the extent this Paragraph contains allegations against

2  CoreCivic, CoreCivic denies it. CoreCivic specifically denies that it breached any duty of

3  care to the decedent, that it violated any regulations, contracts, standards, policies, or rules,

4  or that it negligently caused or contributed to decedent's death.

5          45.     In answering Paragraph 45 of Plaintiff's First Amended Complaint, the

6  allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from

7  the decedent's detention at facilities that are not owned or operated by CoreCivic, and

8  therefore no response is required. To the extent this Paragraph contains allegations against

9  CoreCivic, CoreCivic denies it. CoreCivic specifically denies that it breached any duty of

10  care to the decedent, that it violated any regulations, contracts, standards, policies, or rules,

11  or that it negligently caused or contributed to decedent's death.

12          **A. Defendants Failed to Care for Benjamin at FSF and FSPC.**

13          46.     In answering Paragraph 46 of Plaintiff's First Amended Complaint, the

14  allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from

15  the decedent's detention at facilities that are not owned or operated by CoreCivic, and

16  therefore no response is required, and none is provided.

17          47.     In answering Paragraph 47 of Plaintiff's First Amended Complaint, the

18  allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from

19  the decedent's detention at facilities that are not owned or operated by CoreCivic, and

20  therefore no response is required, and none is provided.

21          48.     In answering Paragraph 48 of Plaintiff's First Amended Complaint, the

22  allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from

23  the decedent's detention at facilities that are not owned or operated by CoreCivic, and

24  therefore no response is required, and none is provided.

25          49.     In answering Paragraph 49 of Plaintiff's First Amended Complaint, the

26  allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from

27  the decedent's detention at facilities that are not owned or operated by CoreCivic, and

28  therefore no response is required, and none is provided.

50.     In answering Paragraph 50 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required, and none is provided.

51.     In answering Paragraph 51 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required, and none is provided.

52.     In answering Paragraph 52 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required, and none is provided.

53.     In answering Paragraph 53 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required, and none is provided.

54.     In answering Paragraph 54 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required, and none is provided.

55.     In answering Paragraph 55 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required, and none is provided.

56.     In answering Paragraph 56 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required, and none is provided.

57.     In answering Paragraph 57 of Plaintiff's First Amended Complaint, the

allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required, and none is provided.

58.    In answering Paragraph 58 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required, and none is provided.

59.    In answering Paragraph 59 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required. To the extent this Paragraph contains allegations against CoreCivic, CoreCivic admits only that decedent was transferred to CAFCC on July 7, 2022. CoreCivic affirmatively asserts that it had no involvement in the decision to transfer the decedent to CAFCC.

## B. Defendants Failed to Care for Benjamin at CAFCC

60.    In answering Paragraph 60 of Plaintiff's First Amended Complaint, CoreCivic admits only that the decedent arrived at CAFCC on July 7, 2022. CoreCivic denies all remaining allegations.

61.    In answering Paragraph 61 of Plaintiff's First Amended Complaint, CoreCivic admits that the decedent's CAFCC medical records indicate that during the intake process at CAFCC, a CoreCivic officer assigned to the Receiving and Discharge Unit advised CAFCC medical personnel at approximately 7:18 p.m. that the decedent "was laying on the floor in a fetal position." The medical records state that the decedent was evaluated by CoreCivic Registered Nurse ("RN") Irey shortly thereafter, at which time the decedent complained of withdrawal-type symptoms and reported that he was withdrawing from alcohol and drugs, including fentanyl and/or methamphetamine, and needed medication. It was noted that the decedent was able to sit and ambulate without difficulty. Because the decedent's vital signs were within acceptable limits, RN Irey cleared the

1  decedent to be placed back in his holding cell. CoreCivic admits that the decedent's CAFCC

2  medical records speak for themselves but denies these allegations to the extent the medical

3  records are taken out of context or do not contain a complete and/or accurate recitation of

4  all facts.

5      62.    In answering Paragraph 62 of Plaintiff's First Amended Complaint,

6  CoreCivic admits that the decedent's CAFCC medical records indicate that at

7  approximately 11:30 p.m., RN Irey completed an Initial Intake Screening of the decedent,

8  at which time he reported that he was withdrawing from drugs and alcohol and needed

9  medication.  He also reported that when going to the bathroom he needs to urinate, but that

10  he was not going to vomit.  As to the remaining allegations, CoreCivic admits that the

11  decedent's CAFCC medical records speak for themselves but denies these allegations to the

12  extent the medical records are taken out of context or do not contain a complete and/or

13  accurate recitation of all facts.

14      63.    In answering Paragraph 63 of Plaintiff's First Amended Complaint,

15  CoreCivic admits that the decedent's CAFCC medical records indicate that at

16  approximately 12:03 a.m. on July 8, 2022, RN Irey and CoreCivic Nurse Practitioner

17  Erdman discussed a plan to have the decedent placed in medical observation to monitor his

18  withdrawal symptoms once an observation room was cleared.  Until then, the decedent was

19  to be monitored in the waiting room of the medical triage area. CoreCivic denies all other

20  allegations that are not expressly admitted.  CoreCivic admits that the decedent's CAFCC

21  medical records speak for themselves but denies these allegations to the extent the medical

22  records are taken out of context or do not contain a complete and/or accurate recitation of

23  all facts.

24      64.    In answering Paragraph 64 of Plaintiff's First Amended Complaint,

25  CoreCivic admits that the decedent's CAFCC medical records indicate that, at some point,

26  other detainees reported that the decedent was vomiting in the trash can, that RN Irey

27  inspected the trash can and noted dark brown fluid in the trash can, but that RN Irey did not

28  witness the decedent vomit.  CoreCivic denies all remaining allegations that are not

expressly admitted.  CoreCivic admits that the decedent's CAFCC medical records speak for themselves but denies these allegations to the extent the medical records are taken out of context or do not contain a complete and/or accurate recitation of all facts.

65.  In answering Paragraph 65 of Plaintiff's First Amended Complaint, CoreCivic admits that the decedent's CAFCC medical records indicate that at approximately 1:05 a.m. the decedent exited the restroom in the medical triage area and fell, which caused a laceration on his forehead above his right eye.  The medical records state that the decedent was initially responsive and moving his extremities, but then became less responsive.  A medical emergency code was called at approximately 1:10 a.m. and 911 was called at approximately 1:14 a.m.  CoreCivic admits that the decedent's CAFCC medical records speak for themselves but denies these allegations to the extent the medical records are taken out of context or do not contain a complete and/or accurate recitation of all facts.

66.  In answering Paragraph 66 of Plaintiff's First Amended Complaint, CoreCivic admits that the decedent's CAFCC medical records indicate that five doses of Narcan were administered to the decedent and that CPR was initiated, that the decedent did not regain consciousness, and that the decedent was transferred to the care of Florence Fire Department's Emergency Medical Services, at which point the decedent was pronounced dead. CoreCivic admits that the decedent's CAFCC medical records speak for themselves but denies these allegations to the extent the medical records are taken out of context or do not contain a complete and/or accurate recitation of all facts.

**C. Defendants Sent Representatives to Benjamin's Autopsy.**

67.  In answering Paragraph 67 of Plaintiff's First Amended Complaint, CoreCivic admits that CAFCC Investigator G. Wilson and CAFCC Complex Investigator D. Garcia were present at the decedent's autopsy.  CoreCivic denies any allegation that CoreCivic sent representatives to the autopsy because it feared liability. The remaining allegations are directed to a Defendant other than CoreCivic and therefore no response is required, and none is provided.

68.  In answering Paragraph 68 of Plaintiff's First Amended Complaint,

CoreCivic admits that CAFCC Investigator G. Wilson and CAFCC Complex Investigator D. Garcia were present at decedent's autopsy. The remaining allegations are directed to a Defendant other than CoreCivic and therefore no response is required, and none is provided.

69.    In answering Paragraph 69 of Plaintiff's First Amended Complaint, CoreCivic admits the allegations.

70.    In answering Paragraph 70 of Plaintiff's First Amended Complaint, the autopsy report speaks for itself and indicates that the decedent's cause of death was spontaneous bacterial peritonitis with "severe coronary artery atherosclerosis" listed as an "Other Significant Condition[]". All remaining allegations that are not expressly admitted are denied.

71.    In answering Paragraph 71 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required.    To the extent this Paragraph contains allegations against CoreCivic, CoreCivic denies them and specifically denies that it breached any duty of care to decedent, that it violated any regulations, contracts, standards, policies, or rules, or that it negligently caused or contributed to decedent's death.

**D. ICE's Detainee Death Report[1]**

72.    In answering Paragraph 72 of Plaintiff's First Amended Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore denies it.

73.    In answering Paragraph 73 of Plaintiff's First Amended Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore denies it.

74.    In answering Paragraph 74 of Plaintiff's First Amended Complaint, CoreCivic is without sufficient information to form a belief as to the truth of the allegations

---

[1] CoreCivic has never been provided with a copy of this report.  CoreCivic requested a copy of the report from Plaintiff but had not been provided with a copy at the time this Answer was filed.

1  asserted in this Paragraph and therefore denies it.

2        75.    In answering Paragraph 75 of Plaintiff's First Amended Complaint,

3  CoreCivic is without sufficient information to form a belief as to the truth of the allegations

4  asserted in this Paragraph, and Subparagraphs (i) through (xi), and therefore denies them.

5  CoreCivic specifically denies that it breached any duty of care to decedent, that it violated

6  any regulations, contracts, standards, policies, or rules, or that it negligently caused or

7  contributed to decedent's death.

8        76.    In answering Paragraph 76 of Plaintiff's First Amended Complaint,

9  CoreCivic is without sufficient information to form a belief as to the truth of the allegations

10  asserted in this Paragraph and therefore denies it.  CoreCivic specifically denies that it

11  breached any duty of care to decedent, that it violated any regulations, contracts, standards,

12  policies, or rules, or that it negligently caused or contributed to decedent's death.

13                        **E.  IHSC's Mortality Review[2]**

14        77.    In answering Paragraph 77 of Plaintiff's First Amended Complaint,

15  CoreCivic is without sufficient information to form a belief as to the truth of the allegations

16  asserted in this Paragraph and therefore denies it.

17        78.    In answering Paragraph 78 of Plaintiff's First Amended Complaint,

18  CoreCivic is without sufficient information to form a belief as to the truth of the allegations

19  asserted in this Paragraph and therefore denies it.

20        79.    In answering Paragraph 79 of Plaintiff's First Amended Complaint,

21  CoreCivic is without sufficient information to form a belief as to the truth of the allegations

22  asserted in this Paragraph and therefore denies it.

23        80.    In answering Paragraph 80 of Plaintiff's First Amended Complaint, including

24  Subparagraphs (i) through (xi), CoreCivic is without sufficient information to form a belief

25  as to the truth of the allegations asserted in this Paragraph and Subparagraphs and therefore

26

27        [2] CoreCivic has never been provided with a copy of this report.  CoreCivic requested
a copy of the report from Plaintiff but had not been provided with a copy at the time this

28  Answer was filed.

1    denies it.  CoreCivic specifically denies that it breached any duty of care to decedent, that
2    it violated any regulations, contracts, standards, policies, or rules, or that it negligently
3    caused or contributed to decedent's death.

4        81.    In answering Paragraph 81 of Plaintiff's First Amended Complaint, the
5    allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from
6    the decedent's detention at facilities that are not owned or operated by CoreCivic, and
7    therefore no response is required.  To the extent this Paragraph contains allegations against
8    CoreCivic, CoreCivic denies them.  CoreCivic specifically denies that it breached any duty
9    of care to decedent, that it violated any regulations, contracts, standards, policies, or rules,
10   or that it negligently caused or contributed to decedent's death.

11       82.    In answering Paragraph 82 of Plaintiff's First Amended Complaint, including
12   Subparagraphs (i) through (vi), the allegations in this Paragraph are directed to Defendants
13   other than CoreCivic and arise from the decedent's detention at facilities that are not owned
14   or operated by CoreCivic, and therefore no response is required.   To the extent this
15   Paragraph contains allegations against CoreCivic, CoreCivic is without sufficient
16   information to form a belief as to the truth of the allegations asserted in this Paragraph and
17   Subparagraphs and therefore denies them.  CoreCivic specifically denies that it breached
18   any duty of care to decedent, that it violated any regulations, contracts, standards, policies,
19   or rules, or that it negligently caused or contributed to decedent's death.

20       83.    In answering Paragraph 83 of Plaintiff's First Amended Complaint, including
21   Subparagraphs (A) through (M), the allegations in this Paragraph are directed to Defendants
22   other than CoreCivic and arise from the decedent's detention at facilities that are not owned
23   or operated by CoreCivic, and therefore no response is required.   To the extent this
24   Paragraph contains allegations against CoreCivic, CoreCivic is without sufficient
25   information to form a belief as to the truth of the allegations asserted in this Paragraph and
26   Subparagraphs and therefore denies them.  CoreCivic specifically denies that it breached
27   any duty of care to decedent, that it violated any regulations, contracts, standards, policies,
28   or rules, or that it negligently caused or contributed to decedent's death.

**F.  Defendants Should have Referred Benjamin to ED for Life-Saving Care.**

84.    In answering Paragraph 84 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required.  To the extent this Paragraph contains allegations against CoreCivic, CoreCivic denies the allegations.

85.    In answering Paragraph 85 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required, and none is provided.

86.    In answering Paragraph 86 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required, and none is provided.

87.    In answering Paragraph 87 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required, and none is provided.

88.    In answering Paragraph 88 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required, and none is provided.

89.    In answering Paragraph 89 of Plaintiff's First Amended Complaint, to the extent this Paragraph contains allegations based upon IHSC's Mortality Review report, CoreCivic is without sufficient information to form a belief as to the truth of those allegations and therefore denies them. CoreCivic admits that the decedent's CAFCC medical records speak for themselves but denies the remaining allegations to the extent the medical records are taken out of context or do not contain a complete and/or accurate recitation of all facts. As to the allegations directed to Defendants other than CoreCivic, no

response is required. CoreCivic specifically denies that it breached any duty of care to the decedent, that it violated any regulations, contracts, standards, policies, or rules, or that it negligently caused or contributed to decedent's death.

### G. The United States and STG Should Not Have Transferred Benjamin to CAFCC.

90.    In answering Paragraph 90 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required, and none is provided.

91.    In answering Paragraph 91 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required, and none is provided.

92.    In answering Paragraph 92 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required, and none is provided.

93.    In answering Paragraph 93 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required. To the extent this Paragraph contains allegations against CoreCivic, CoreCivic denies the allegations that CAFCC is a facility with a known history of fatal health outcomes.

94.    In answering Paragraph 94 of Plaintiff's First Amended Complaint, the document referenced in footnote 5 speaks for itself. CoreCivic denies these allegations to the extent the document referenced contains hearsay, is taken out of context, or does not contain a complete and/or accurate recitation of all facts. CoreCivic specifically denies that it breached any duty of care to the decedent, that it violated any regulations, contracts, standards, policies, or rules, or that it negligently caused or contributed to decedent's death.

95.    In answering Paragraph 95 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required. To the extent this Paragraph contains allegations against CoreCivic, CoreCivic denies that CAFCC has a history of adverse health outcomes, including death.

**H. The United States Owed Benjamin a Non-Delegable Duty of Care**

96.    In answering Paragraph 96 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required, and none is provided.

97.    In answering Paragraph 97 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required, and none is provided.

98.    In answering Paragraph 98 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required, and none is provided.

99.    In answering Paragraph 99 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required, and none is provided.

100.    In answering Paragraph 100 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required, and none is provided.

101.    In answering Paragraph 101 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required, and none is provided.

102.    In answering Paragraph 102 of Plaintiff's First Amended Complaint, the

allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required, and none is provided.

103.    In answering Paragraph 103 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic, and therefore no response is required, and none is provided.

104.    In answering Paragraph 104 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required, and none is provided.

105.    In answering Paragraph 105 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required, and none is provided.

106.    In answering Paragraph 106 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required, and none is provided.

107.    In answering Paragraph 107 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required, and none is provided.

108.    In answering Paragraph 108 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required, and none is provided.

109.    In answering Paragraph 109 of Plaintiff's First Amended Complaint, including Subparagraphs (i) through (viii), the allegations in this Paragraph and its Subparagraphs are directed to Defendants other than CoreCivic and therefore no response is required.  To the extent this Paragraph contains allegations against CoreCivic, CoreCivic denies it. CoreCivic specifically denies that it breached any duty of care to the decedent, that it violated any regulations, contracts, standards, policies, or rules, or that it negligently caused or contributed to decedent's death.

110.    In answering Paragraph 110 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required.    To the extent this Paragraph contains allegations against CoreCivic, CoreCivic denies it. CoreCivic specifically denies that it breached any duty of care to the decedent, that it violated any regulations, contracts, standards, policies, or rules, or that it negligently caused or contributed to decedent's death.

111.    In answering Paragraph 111 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required.    To the extent this Paragraph contains allegations against CoreCivic, CoreCivic denies it.  CoreCivic specifically denies that it breached any duty of care to the decedent, that it violated any regulations, contracts, standards, policies, or rules, or that it negligently caused or contributed to decedent's death.

112.    In answering Paragraph 112 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required.    To the extent this Paragraph contains allegations against CoreCivic, CoreCivic denies it.  CoreCivic specifically denies that it breached any duty of care to the decedent, that it violated any regulations, contracts, standards, policies, or rules, or that it negligently caused or contributed to decedent's death.

113.    In answering Paragraph 113 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required.    To the extent this Paragraph contains allegations against CoreCivic, CoreCivic denies it.  CoreCivic specifically denies that it breached any duty of care to the decedent, that it violated any regulations, contracts, standards, policies, or rules, or that it negligently caused or contributed to decedent's death.

114.    In answering Paragraph 114 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required.    To the extent this Paragraph contains allegations against CoreCivic, CoreCivic denies it.  CoreCivic specifically denies that it breached any duty of

care to the decedent, that it violated any regulations, contracts, standards, policies, or rules, or that it negligently caused or contributed to decedent's death.

115.    In answering Paragraph 115 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required.    To the extent this Paragraph contains allegations against CoreCivic, CoreCivic denies it.  CoreCivic specifically denies that it breached any duty of care to the decedent, that it violated any regulations, contracts, standards, policies, or rules, or that it negligently caused or contributed to decedent's death.

116.    In answering Paragraph 116 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required.    To the extent this Paragraph contains allegations against CoreCivic, CoreCivic denies it.  CoreCivic specifically denies that it breached any duty of care to the decedent, that it violated any regulations, contracts, standards, policies, or rules, or that it negligently caused or contributed to decedent's death.

## I.  STG, CoreCivic, and Does 1-10 Owed Benjamin the Duty of Care

117.    In answering Paragraph 117 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required.    To the extent this Paragraph contains allegations against CoreCivic, the allegations are improper legal standards and/or conclusions to which no response is required.  To the extent a response is required, CoreCivic denies it.

118.    In answering Paragraph 118 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required.    To the extent this Paragraph contains allegations against CoreCivic, the allegations are improper legal standards and/or conclusions to which no response is required.  To the extent a response is required, CoreCivic denies it.

119.    In answering Paragraph 119 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required.    To the extent this Paragraph contains allegations against

CoreCivic, the allegations are improper legal conclusions to which no response is required. To the extent a response is required, CoreCivic admits only that it owed the decedent a duty of care to provide him with reasonable health services at CAFCC.

120.    In answering Paragraph 120 of Plaintiff's First Amended Complaint, the allegations are improper legal standards and/or conclusions to which no response is required.  To the extent a response is required, CoreCivic admits that it had a duty to reasonably ensure the decedent's safety and security and to provide him with reasonable medical care.  CoreCivic specifically denies that it breached any duty of care to the decedent, that it violated any regulations, contracts, standards, policies, or rules, or that it negligently caused or contributed to decedent's death.

121.    In answering Paragraph 121 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required, and none is provided.

122.    In answering Paragraph 122 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required, and none is provided.

123.    In answering Paragraph 123 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required, and none is provided.

124.    In answering Paragraph 124 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed at unidentified Doe Defendants, all of whom are alleged to have been contractors of CoreCivic and/or the United States, and therefore no response is required.  To the extent a response is required, CoreCivic denies it.

125.    In answering Paragraph 125 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed at unidentified Doe Defendants, all of whom are

alleged to have been contractors of CoreCivic and/or the United States, and therefore no response is required.  To the extent a response is required, CoreCivic denies it.

126.  In answering Paragraph 126 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed at unidentified Doe Defendants, all of whom are alleged to have been contractors of CoreCivic and/or the United States, and therefore no response is required.  To the extent a response is required, CoreCivic denies it.

127.  In answering Paragraph 127 of Plaintiff's First Amended Complaint, including Subparagraphs (i) through (iv), the allegations in this Paragraph are directed at unidentified Doe Defendants, all of whom are alleged to have been contractors of CoreCivic and/or the United States, and therefore no response is required.  To the extent this Paragraph and Subparagraphs contain allegations against CoreCivic, CoreCivic denies them. CoreCivic specifically denies that it breached any duty of care to the decedent, that it violated any regulations, contracts, standards, policies, or rules, or that it negligently caused or contributed to decedent's death.

128.  In answering Paragraph 128 of Plaintiff's First Amended Complaint, including Subparagraphs (i) through (vi), the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required, and none is provided.

129.  In answering Paragraph 129 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required.  To the extent this Paragraph contains allegations against CoreCivic, CoreCivic denies it.

130.  In answering Paragraph 130 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required.  To the extent this Paragraph contains allegations against

CoreCivic, CoreCivic denies it.

131.    In answering Paragraph 131 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required.  To the extent this Paragraph contains allegations against CoreCivic, CoreCivic denies it.

132.    In answering Paragraph 132 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required.  To the extent this Paragraph contains allegations against CoreCivic, CoreCivic denies it.

133.    In answering Paragraph 133 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required.  To the extent this Paragraph contains allegations against CoreCivic, CoreCivic denies it.

134.    In answering Paragraph 134 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required.  To the extent this Paragraph contains allegations against CoreCivic, CoreCivic denies it.

135.    In answering Paragraph 135 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required.  To the extent this Paragraph contains allegations against CoreCivic, CoreCivic denies it.

///

///

**COUNT I- NEGLIGENCE/WRONGFUL DEATH**
**(Against the United States pursuant to 28 U.S.C. § 2674, and against CoreCivic, STG, and Does 1-10 pursuant to A.R.S. § 12-611)**

136.    Paragraph 136 of Plaintiff's First Amended Complaint is an incorporation paragraph to which no response is required. To the extent a response is required, CoreCivic denies it.

137.    In answering Paragraph 137 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required, and none is provided.

138.    In answering Paragraph 138 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required, and none is provided.

139.    In answering Paragraph 139 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required, and none is provided.

140.    In answering Paragraph 140 of Plaintiff's First Amended Complaint, including Subparagraphs (i) through (viii), the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required. To the extent this Paragraph contains allegations against CoreCivic, CoreCivic denies it. CoreCivic specifically denies that it breached any duty of care to the decedent, that it violated any regulations, contracts, standards, policies, or rules, or that it negligently caused or contributed to decedent's death.

141.    In answering Paragraph 141 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required, and none is provided.

142.    In answering Paragraph 142 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required, and none is provided.

143.    In answering Paragraph 143 of Plaintiff's First Amended Complaint, including Subparagraphs (i) through (vi), the allegations in this Paragraph are directed to Defendants other than CoreCivic and therefore no response is required, and none is provided.

144.    In answering Paragraph 144 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed at unidentified Doe Defendants, all of whom are alleged to have been contractors of CoreCivic and/or the United States, and therefore no response is required.  To the extent a response is required, CoreCivic denies it.  To the extent this Paragraph contains allegations against CoreCivic, CoreCivic affirmatively alleges that while it had a duty to reasonably ensure the decedent's safety and security and to provide him with reasonable medical care at CAFCC, the decedent remained in the legal custody of ICE at all relevant times, which also had a non-delegable duty to do the same.  All other allegations that are not expressly admitted are denied.

145.    In answering Paragraph 145 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed at unidentified Doe Defendants, all of whom are alleged to have been contractors of CoreCivic and/or the United States, and therefore no response is required.  To the extent a response is required, CoreCivic denies it.  To the extent this Paragraph contains allegations against CoreCivic, they are improper legal conclusions to which no response is required.  CoreCivic affirmatively alleges that it had a duty to reasonably ensure the decedent's safety and security and to provide him with reasonable medical care at CAFCC.  All other allegations that are not expressly admitted are denied. CoreCivic specifically denies that it breached any duty of care to the decedent, that it violated any regulations, contracts, standards, policies, or rules, or that it negligently caused or contributed to decedent's death.

146.    In answering Paragraph 146 of Plaintiff's First Amended Complaint, including Subparagraphs (i) through (iv), the allegations in this Paragraph and Subparagraphs are directed at unidentified Doe Defendants, all of whom are alleged to have been contractors of CoreCivic and/or the United States, and therefore no response is

required.  To the extent a response is required, CoreCivic denies it.  To the extent this Paragraph contains allegations against CoreCivic, CoreCivic denies it. CoreCivic specifically denies that it breached any duty of care to the decedent, that it violated any regulations, contracts, standards, policies, or rules, or that it negligently caused or contributed to decedent's death.

147.    In answering Paragraph 147 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required.  To the extent this Paragraph contains allegations against CoreCivic, CoreCivic denies it. CoreCivic specifically denies that it breached any duty of care to the decedent, that it violated any regulations, contracts, standards, policies, or rules, or that it negligently caused or contributed to decedent's death.

148.    In answering Paragraph 148 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required.  To the extent this Paragraph contains allegations against CoreCivic, CoreCivic denies it. CoreCivic specifically denies that it breached any duty of care to the decedent, that it violated any regulations, contracts, standards, policies, or rules, or that it negligently caused or contributed to decedent's death.

149.    In answering Paragraph 149 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required.  To the extent this Paragraph contains allegations against CoreCivic, CoreCivic denies it. CoreCivic specifically denies that it breached any duty of care to the decedent, that it violated any regulations, contracts, standards, policies, or rules, or that it negligently caused or contributed to decedent's death.

150.    In answering Paragraph 150 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from

the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required.  To the extent this Paragraph contains allegations against CoreCivic, CoreCivic denies it. CoreCivic specifically denies that it breached any duty of care to the decedent, that it violated any regulations, contracts, standards, policies, or rules, or that it negligently caused or contributed to decedent's death.

151.   In answering Paragraph 151 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required.  To the extent this Paragraph contains allegations against CoreCivic, CoreCivic denies it. CoreCivic specifically denies that it breached any duty of care to the decedent, that it violated any regulations, contracts, standards, policies, or rules, or that it negligently caused or contributed to decedent's death.

152.   In answering Paragraph 152 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required.  To the extent this Paragraph contains allegations against CoreCivic, CoreCivic denies it. CoreCivic specifically denies that it breached any duty of care to the decedent, that it violated any regulations, contracts, standards, policies, or rules, or that it negligently caused or contributed to decedent's death.

153.   In answering Paragraph 153 of Plaintiff's First Amended Complaint, CoreCivic denies the allegations.

154.   In answering Paragraph 154 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required.  To the extent this Paragraph contains allegations against CoreCivic, CoreCivic denies it. CoreCivic specifically denies that it breached any duty of care to the decedent, that it violated any regulations, contracts, standards, policies, or rules, or that it negligently caused or contributed to decedent's death.

155.    In answering Paragraph 155 of Plaintiff's First Amended Complaint, the allegations in this Paragraph are directed to Defendants other than CoreCivic and arise from the decedent's detention at facilities that are not owned or operated by CoreCivic, and therefore no response is required.  To the extent this Paragraph contains allegations against CoreCivic, CoreCivic denies it. CoreCivic specifically denies that it breached any duty of care to the decedent, that it violated any regulations, contracts, standards, policies, or rules, or that it negligently caused or contributed to decedent's death.

## PRAYER FOR RELIEF

In answering Plaintiff's Prayer for Relief, CoreCivic denies that Plaintiffs are entitled to any relief, whether compensatory, exemplary, and/or punitive.  CoreCivic also denies that Plaintiffs are entitled to expenses, costs, fees, pre- or post-judgment interest, or any other relief.

## AFFIRMATIVE DEFENSES

1.    As a separate defense or in the alternative, CoreCivic alleges that Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

2.    As a separate defense or in the alternative, CoreCivic alleges that all or some of Plaintiff's claims may be barred by the applicable statute of limitations.

3.    As a separate defense or in the alternative, CoreCivic alleges that Plaintiff lacks standing to pursue her claims on her own behalf, or on behalf of any other individual and/or alleged statutory beneficiary.

4.    As a separate defense or in the alternative, CoreCivic alleges that it is entitled to all privileges and immunities under Arizona and/or federal law.

5.    As a separate defense or in the alternative, CoreCivic alleges that as a government contractor, it is entitled to derivative and qualified immunity, including but not limited to intergovernmental immunity, derivative sovereign immunity, and preemption.

6.    As a separate defense or in the alternative, CoreCivic alleges that it was not negligent and did not breach any duty owed to the decedent.

7.    As a separate defense or in the alternative, CoreCivic alleges that no

CoreCivic employee was negligent or breached any duty owed to the decedent to establish vicarious liability.

8.      As a separate defense or in the alternative, CoreCivic alleges that it did not violate any applicable standard of care.

9.      As a separate defense or in the alternative, CoreCivic alleges that any actions or inactions alleged on the part of CoreCivic (and/or its employees) were not the actual and/or proximate cause of any injuries, losses, and/or damages to the decedent and/or Plaintiff, thereby barring recovering.

10.     As a separate defense or in the alternative, CoreCivic alleges that any actions or inactions alleged on the part of CoreCivic (and/or its employees) were not a substantial factor in causing the decedent's death.

11.     As a separate defense or in the alternative, CoreCivic alleges that Plaintiff suffered no actual injuries and/or damages.

12.     As a separate defense or in the alternative, CoreCivic alleges that Plaintiff and/or the decedent failed to mitigate their damages, if any.

13.     As a separate defense or in the alternative, CoreCivic alleges that Plaintiff's and/or the decedent's injuries, if any, were proximately caused by an independent or superseding cause for which they are not liable.

14.     As a separate defense or in the alternative, CoreCivic alleges that it acted in good faith and in a reasonable manner given the information and circumstances existing at the time.

15.     As a separate defense and in the alternative, CoreCivic alleges that there exists no conduct in this case motivated by an evil motive or intent, nor did any conduct oppression, fraud, or malice to the rights of Plaintiff, thereby precluding punitive damages.

16.     As a separate defense and in the alternative, CoreCivic alleges that the injuries alleged were caused or contributed to by the voluntary and/or intentional acts of decedent, thereby reducing or eliminating any damages recoverable by Plaintiff.

17. As a separate defense, or in the alternative, CoreCivic alleges that the decedent was contributorily negligent, thereby barring or significantly reducing recovery.

18. As a separate defense, or in the alternative, CoreCivic alleges that the Plaintiff and/or decedent assumed the risk of injury, thereby barring or significantly reducing recovery.

19. As a separate defense or in the alternative, CoreCivic alleges that Plaintiff's and/or the decedent's injuries or losses, if any, were the result of the negligent or intentional act(s) of individuals not employed by CoreCivic, thereby reducing or eliminating any damages owed by CoreCivic.

20. As a separate defense or in the alternative, CoreCivic alleges that Plaintiff has failed to state a claim against any individual CoreCivic employee, thus precluding any vicarious liability on behalf of CoreCivic as their employer.

21. As a separate defense or in the alternative, CoreCivic alleges that ICE detainees are not express or implied third-party beneficiaries to detention contracts between CoreCivic and the USMS, and thus allegations of violations of contractual terms are not a basis for liability.

22. Discovery may reveal additional facts that support affirmative defenses presently available but unknown to CoreCivic. Accordingly, CoreCivic intends to rely on other defenses as they become apparent or available during discovery proceedings or which may be raised by separate motion as permitted by the Federal Rules of Civil Procedure, including but not limited to the defenses set forth in Rule 8(c) and 12. Although CoreCivic does not presently have facts in support of the following defenses, it wishes to assert the following defenses should subsequent discovery reveal they are appropriate: estoppel, fraud, illegality, release, res judicata, and waiver.

23. CoreCivic reserves the right to amend its Answer to Plaintiff's First Amended Complaint to assert additional defenses, withdraw defenses, and/or add counterclaims as may become necessary after reasonable opportunity, or discovery has occurred, up to and including trial in this matter.

1       WHEREFORE, CoreCivic requests the following relief:

2       1.    Dismissal of Plaintiffs' First Amended Complaint, with prejudice, with

3  Plaintiff taking nothing.

4       2.    Judgment in favor of CoreCivic and against Plaintiff.

5       3.    That CoreCivic be awarded costs and reasonable attorney's fees incurred.

6       4.    Such other relief the Court deems just and proper.

7                     **DEMAND FOR JURY TRIAL**

8  CoreCivic demands a jury trial on all triable issues.

9

10  DATED this 26th day of August, 2024.

11                            STRUCK LOVE BOJANOWSKI & ACEDO, PLC

12

13                   By    /s/ Dana M. Keene

14                      Daniel P. Struck
                            Dana M. Keene

15                      Courtney Lacaillade
                            3100 West Ray Road, Suite 300

16                      Chandler, Arizona 85226

17                      *Attorneys for Defendant CoreCivic*

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th of August, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Adam T. Peterson
Tyler B. Bugden
FARHANG &MEDCOFF
100 South Church Avenue, Suite 100
Tucson, AZ 85701
apeterson@farhangmedcoff.com
tbugden@farhangmedcoff.com
*Attorneys for Plaintiff*

Laura Belous
Rocío Castañeda Acosta
FLORENCE IMMIGRANT &REFUGEE RIGHTS PROJECT
P.O. Box 86299
Tucson, AZ 85754
lbelous@firrp.org
rcastaneda@firrp.org
*Attorneys for Plaintiff*

John T. Masterson
Brandi C. Blair
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Ave., Suite 2700
Phoenix, AZ 85004
jmasterson@jshfirm.com
bblair@jshfirm.com
*Attorneys for Defendant STG International, Inc.*

/s/    E. Glover

35